## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND and CATHERINE WENSKUS, Administrator of the Funds, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) | Case No. 19-cv-2572 |
| and | ) ) ) | |
| GARCES CONTRACTORS, LLC, an Illinois limited liability company, and ELDA MANNION, individually. | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus ,Administrator of the Funds ("Funds"), by their attorneys, Patrick T. Wallace, Amy N. Carollo, G. Ryan Liska, Katherine C. Mosenson and Sara S. Schumann for their Complaint against Garces Contractors, LLC ("Company") and Elda Mannion ("Mannion"), individually:

### FACTS COMMON TO ALL COUNTS

1.  Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Chicago Laborers' Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.      Plaintiff Catherine Wenskus is the Administrator of the Laborers' Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Laborers' Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Laborers' Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant Garces Contractors, LLC. (hereinafter "Company") is an Illinois limited liability company that did and does conduct business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

2

6.     Defendant Elda Mannion ("Mannion") is and was at all time President and owner of the Company.

7.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union operates and maintains its office within the District. The Union and Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2017. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds Company to the Laborers' Funds respective Agreements and Declarations of Trust is attached hereto as Exhibit A.)

8.     The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

9.      The Funds' respective Agreements and Declarations of Trust obligate Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages and interest.

10.     On June 30, 2017, the Company entered into a thirteen (13) month Installment Note ("Note") to pay past due contributions, liquidated damages, interest and attorney fees resulting from the Company's failure to pay fringe benefit contributions for the months October 1, 2014 and September 30, 2016.   The term of the Note was September 1, 2017 to September 1, 2018.  A true and accurate copy of the Installment Note is attached as Exhibit B.

11.     Contemporaneously with the signing of the Note, Mannion entered into a Guaranty of Payment Indemnification ("Guaranty") personally guaranteeing:  1) the amounts due on the Note;  2)  benefit contributions and dues that are due at the time the First Note was entered into; and 3)   benefit contributions and dues that became due while obligations under the note remain unsatisfied.  In addition, Mannion guaranteed payment of interest, liquidated damages, accumulative liquidated damages, audit costs and attorneys' fees and costs resulting from the Company's failure to timely remit contributions and dues reports and payments.  A true and accurate copy of the Guaranty is attached hereto as Exhibit C.

12.     During the term of the Note the Company defaulted as a result of failing to timely remit and pay its monthly fringe benefit and dues reports. On September 13, 2018 Judgment was

entered in the amount of $4,388.78 against the Company and Mannion which was the balance of the Note plus attorney fees of $500.00. The Company and Mannion paid the judgment amount on October 15, 2018.

13. During the term of the Note, the Company was assessed liquidated damages totaling $9,569.73 as a result of the late payment of its December 2017 through May 2018 monthly reports. The Agreement, the Funds' Respective Agreements and Declarations of Trust, Note and Guaranty provide liquidated damages which will be assessed at twenty percent (20%) of the report amount.

14. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

15. Upon request the Company submitted its books and records to the Funds for an audit covering the period October 1, 2016 through September 30, 2018.

## COUNT I

**(Failure To Pay Employee Benefit Contributions to Funds as Revealed by an Audit)**

16. The Laborers' Funds re-allege and incorporate the allegations contained in paragraphs 1-15 of this Complaint.

17. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company performed covered work during the audit period of October 1, 2016 through September 30, 2018 but failed to pay the Funds all required contributions. According to the Funds' Audit the Company:

(a)      failed to report and pay contributions in the amount of $35,969.13 owed to Funds for the audit period October 1, 2016 through September 30, 2018, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)      failed to report and pay contributions in the amount of $29,326.14 owed to Funds of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the audit period of October 1, 2016 through September 30, 2018, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)      failed to report and pay contributions in the amount of $13,422.33 owed to Laborers' District Council Retiree Health and Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity for the audit period of October 1, 2016 through September 30, 2018, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)      failed to report and pay contributions in the amount of $1,835.55 owed Laborers' Training Fund for the audit period of October 1, 2016 through September 30, 2018, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e)      failed to report and pay contributions in the amount of $491.54 owed to Laborers' District Council Labor Management Committee Cooperative ("LMCC") for the audit period of

October 1, 2016 through September 30, 2018, thereby depriving the LMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(f)     failed to report and pay contributions in the amount of $231.31 owed to Chicago Area Independent Construction ("CAICA")  for the audit period of October 1, 2016 through September 30, 2018, thereby depriving the CAICA  of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(g)     failed to report and pay contributions in the amount of $202.40 owed to Laborers' Employers' Cooperation and Education Trust ("LECET") for the audit period of October 1, 2016 through September 30, 2018, thereby depriving the LECET of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

18.     A true and accurate copy of the Funds' Audit for the period October 1, 2016 through September 30, 2018 is attached as Exhibit D.

19.     By virtue of the Exhibit C Guaranty, Mannion is personally liable for all audit findings including liquidated damages, interest, audit costs and attorney fees.

20.     The Company and Mannion's failure to submit payment upon an audit to which it submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

21.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Note and Guaranty, the Company and Mannion are liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the

unpaid contributions, accumulative liquidated damages on the late paid contributions, audit costs, reasonable attorneys' fees and court costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiff Funds respectfully request that this Court:

a.        enter judgment in sum certain in favor of the Funds and against Defendants Garces Contractors, LLC and Elda Mannion, jointly and severally on the amounts due and owing pursuant to the audit for the period of October 1, 2016 through September 30, 2018 plus interest, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs;

b.        enter judgment in favor of the Funds and against Defendants Garces Contractors, LLC and Elda Mannion, jointly and severally in the amount of $9,569.73 as a result of the late payment of its December 2017 through May 2018 monthly reports.

c.        awarding Funds' any further legal and equitable relief as the Court deems appropriate.

## COUNT II

**(Failure To Submit Reports and/or Pay Employee Benefit Contributions to Funds)**

22.        The Funds re-allege and incorporate the allegations contained in paragraphs 1-21 of this Complaint.

23.        The Company submitted reports but not corresponding contributions for the months of October 2018 through February 2019 which total $42,392.56. A true and accurate copy of the reports are attached as Exhibit E. As of the date of this filing the March 2019 reports are due but the amount of the monthly reports is unknown.

24.     Notwithstanding the obligations imposed by the Agreement and the Funds respective Agreements and Declarations of Trust, the Company has performed covered work during the months of October 2018 forward and has:

(a)     failed to pay contributions to Laborers' Pension Fund for the period of October 2018 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to submit contributions to Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of October 2018 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to submit reports and/or pay contributions to Laborers' District Council Retiree Health and Welfare Fund for the period of October 2018 forward, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)     failed to submit reports and/or pay contributions to Laborers' Training Fund for the period of October 2018 forward, thereby depriving Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the Training Fund benefits of the participants and beneficiaries; and

(e)     failed to report and/or all contributions owed to one or more of the other affiliated funds identified above for the period of October 2018  forward, thereby depriving said fund(s) of

contributions income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries;

25.     The Company's actions in failing to submit timely reports and contributions violate section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

26.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement, the Funds' respective Trust Agreements, the Company is liable to the Laborers' Funds for unpaid contributions, as well as interest and liquidated damage, accumulated liquidated damages at 20% of report amount, s on the unpaid contributions and paid late contributions, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs Laborers' Funds respectfully request that this Court:

a.     order Defendant Garces Contractors, LLC and Elda Mannion to submit benefit reports and/or contributions to Laborers' Funds for the period of March 2019 forward;

b.     entering judgment against Defendants Garces Contractors, LLC in the amount of $42,392.56 plus 20% damages, interest and attorney fees for the October 2018 through February 2019 reports as well as any amounts shown to be due and owning on the March 2019 forward reports;

c.     awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT III

**(Failure To Submit Reports and/or Pay Union Dues to Laborers' Funds)**

27.     The Funds re-allege and incorporate the allegations contained in paragraphs 1-21 of this Complaint.

28.     Pursuant to agreement, the Laborers' Funds have been duly designated to serve as collection agents for the Union in that the Laborers' Funds have given the authority to collect from employers union dues which should have been or have been deducted from wages of covered employees.

29.     Dues reports and contributions are due by the 10th following the month in which the work was performed. Dues reports and contributions which are not submitted in a timely fashion are assessed liquidated damages at 10% of the report amount.

30.     Notwithstanding the obligations imposed by the Agreement, the Company has performed covered work during the months of June 2018 forward and has failed to withhold and/or report to and forward union dues that were deducted or should have been deducted from the wages of its employees for the period of June 2018 forward, thereby depriving the Union of income and information.

31.     As a result of submitting and paying its August 2017 through May 2018 dues reports late, the Company was assessed liquidated damages totaling $366.21. Further, the Company's failure to submit timely payments of its June 2018 forward due report under the terms of the Agreement will result in accumulative liquidated damages when paid.

32.     Pursuant to the Agreement, Note and Guaranty, the Company is liable to the Laborers' Funds for the unpaid union dues, as well as liquidated damages, accumulative liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court seems appropriate.

WHEREFORE, Laborers' Funds respectfully request that this Court:

a.      enter judgment ordering Defendant Garces Contractors, LLC., to submit dues reports and payments for the time period of June 2018 forward;

b.    enter judgment in sum certain in favor of the Plaintiff Laborers' Funds against Defendant Garces Contractors, LLC., on the amounts due and owing pursuant to the dues reports and contributions revealed as owing pursuant to the June 2018 forward dues reports to be submitted, including dues, liquidated damages, accumulative liquidated damages in late reports, audit costs, and Plaintiffs' reasonable attorney's fees and costs;

c.    enter judgment against Defendant Garces Contractors, LLC in the amount of $366.21 stemming from its late payment of the August 2017 through May 2018 dues reports;

d.    awarding Plaintiffs Funds any further legal and equitable relief as the Court deems appropriate.

April 16, 2019

Respectfully submitted,

By: /s/ G. Ryan Liska

G. Ryan Liska
Laborers' Pension and Welfare Funds
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

12

# CONSTRUCTION & GENERAL LABORERS'
# DISTRICT COUNCIL OF CHICAGO AND VICINITY
### AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
999 McClintock Drive • Suite 300 • Burr Ridge, IL 60527 • Phone: 630/655-8289 • Fax: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

This Agreement by and between **GARCES CONTRACTORS L.L.** (Employer) and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and incorporating its geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that...

1. Recognition...

2. Labor Contract...

3. Total economic increase...

4. Checkoff Deductions and Remittances...

5. Work Jurisdiction...

6. Subcontracting...

7. Fringe Benefits...

8. Contract Enforcement...

9. Successors...

10. Termination...

11. Execution...

Dated: **August 5, 2011**

ACCEPTED:

Laborers' Local Union No. ____

_Paul R. Carroll_

**CONSTRUCTION AND GENERAL LABORERS'**
**DISTRICT COUNCIL OF CHICAGO AND VICINITY**

By: _____

By: _____

For Office Use Only: **CAJCAR**

**Garces Contractors LLC**

FIRM NAME: _____

BY: _____

(Signature)

6172 W. Division St.
(Address)

Chicago IL 60651
(City, State, Zip)

773-_____

WHITE - LOCAL UNION • CANARY - TRUST FUND • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER

**EXHIBIT A**

## INSTALLMENT NOTE

This Installment Note ("Note") is made between the Laborers' Pension Fund ("Pension Fund"), the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and the Retiree Health and Welfare Fund ("Welfare Funds" or collectively the "Funds"), the parties of the first part, and Garces Contractors, LLC (the "Company"), the parties of the second part.

WHEREAS, the Company has at all relevant times been party to a collective bargaining agreement ("CBA") with Local 4 the Construction and General Laborers' District Council of Chicago and Vicinity, whereunder it is obligated to make certain contributions to the above-named Funds, as well as to the Training Fund, on behalf of its covered employees, and to submit payment of all employee union dues;

WHEREAS, the Company has failed to timely pay certain contributions owed to the Funds for the audit period of October 1, 2014 through September 30, 2016.

WHEREAS, the Company has failed to remit all employee union dues to the Funds, as the designated collection agent for the Construction and General Laborers' District Council of Chicago and Vicinity, for the audit period of October 1, 2014 through September 30, 2016.

WHEREAS, the Company desires to pay all delinquencies owed to the Funds, to pay all union dues owed to the Construction and General Laborers' District Council of Chicago and Vicinity, together with liquidated damages, and interest, as set forth below and further desires to remain current in its obligation to pay contributions to the Funds.

THE PARTIES HEREBY AGREE as follows:

1. The Company will pay $9,130.81 to the Health and Welfare Fund (comprised of $409.18 in delinquent contributions, $6,645.69 in liquidated damages, $996.36 in attorney's fees and costs, $523.75 in audit costs and $555.83 in interest) (based on an interest rate of 12%). The Company will pay $4,651.27 to the Retiree Health and Welfare Fund (comprised of $164.00 in delinquent contributions, $2,740.42 in liquidated damages, $996.36 in attorney's fees and costs, $523.75 in audit costs and $266.74 in interest). The Company will also pay $11,494.99 to the Pension Fund (comprised of $439.52 in delinquent contributions, $7,403.95 in liquidated damages, $1,992.72 in attorney's fees and costs, $1,047.50 in audit costs and $611.30 in interest). All of these amounts shall be paid according to the schedule described below in paragraphs 5 and 6.

2. The Company will also pay $152.95 to the Training Fund (comprised of $20.50 in delinquent contributions, $126.45 in liquidated damages and $6.00 in interest), $4.00 to the LECET Fund (comprised of $2.87 in delinquent contributions, $.29 in liquidated damages and $.84 in interest), $9.56 to the LDCMC Fund (comprised of $6.97 in delinquent contributions, $.70 in liquidated damages and $1.89 in interest), $4.66 to the CAICA Fund (comprised of $3.28 in delinquent contributions, $.42 in liquidated damages and $.96 in interest) and $651.79 in union dues (comprised of $61.99 in delinquent contributions and $589.80 in liquidated damages). These delinquent amounts shall be paid in their entirety at the time the Note is signed along with the amounts due in paragraph 5.

3. The Company will also pay the Funds or the sum of $3,985.44 representing attorney fees and costs incurred by the Funds in Case No. 16 - 9570. This amount is split between the Welfare, Retiree Welfare and Pension Funds as described in paragraph 1 above.

4. The Company will also pay the Funds the sum of $2,095.00 in audit costs. This amount split equally between Welfare and Pension as described in paragraph 1 above.

5. The note period is thirteen (13) consecutive months commencing on September 1, 2017 and ending on September 1, 2018. For the September 1 and October 1, 2017 payments, the Company will pay $702.37 per month to the Health and Welfare Fund, $357.79 to the Retiree Health and Welfare Fund, $884.23 per month to the Pension Fund and $411.48 to the Ancillary Funds for a total monthly payment of $2,355.87. Commencing on November 1, 2017 and ending on September 1, 2018, the Company will pay $702.37 per month to the Health and Welfare Fund, $357.79 to the Retiree Health and Welfare Fund, and $884.23 per month to the Pension Fund for a total monthly payment of $1,944.39. The payments can be made on a single check made payable to the "Laborers' Pension and Welfare Fund."

6. The Company will remit all payments to the Funds' Administrative Offices, which are located at 11465 Cermak Road, Westchester, Illinois 60154.

7. The Company understands and agrees that this Installment Note is based on reports submitted by the Company to the Funds and that the Funds reserve the right to conduct an audit, in accordance with the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, to determine benefit contribution compliance for the time period covered herein and further reserve the right to collect any unpaid contributions, union dues, interest, liquidated damages, and audit costs as shown on said audit.


EXHIBIT

EXHIBIT
B
tabbies'

8. Payments made pursuant to this Installment Note shall be considered "contributions" as defined under the terms of the CBA and the Funds' respective Agreements and Declarations of Trust. If the contributions are not paid by the 10th day following the date on which payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Funds' respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event the Company fails to timely make any payments described in this Note, All amounts described in paragraph 1 herein shall immediately become due on the 10th day following the date on which payment should have been received by the Fund's under the terms of this Note. In such event the Company further agrees to pay all attorneys' fees and costs incurred by the Funds in any action to enforce any part of this Note.

9. This Installment Note is conditioned on the Company staying current on its obligations to the Funds and District Council under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust. In the event that the Company fails to maintain its obligations under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, including, but no limited to, its obligations to submit timely contribution and dues reports and to make timely contribution and dues payments by the tenth day following the month in which laborers' work was performed, then the Funds shall have the right to accelerate and collect all amounts due under this Installment Note, plus payment of all attorneys' fees and costs incurred by the Funds in any action to accelerate this Installment Note.

10. The Parties acknowledge and agree that any payments to the Union provided for in this Agreement fully comport with 29 U.S.C. § 186(c)(2) and that they involve the compromise, adjustment, settlement or release of a claim, complaint, grievance or dispute in the absence of fraud or duress.

11. The Company further agrees to obtain and maintain a surety bond to insure the payment of wages and benefit contributions as required under the terms of the CBA.

12. The Company shall have the right to prepay the entire amount due under the Note prior to the date upon which payment is due without penalty and without payment of any precalculated Note interest that has not accrued as of the date full payment has been made.

The Parties hereby agree to these terms by their execution hereof on the 30 day of the June, 2017.

Garces Contractors, LLC

By: _____

Title: President

Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and Retiree Health and Welfare Fund.

By: _____

8. Payments made pursuant to this Installment Note shall be considered "contributions" as defined under the terms of the CBA and the Funds' respective Agreements and Declarations of Trust. If the contributions are not paid by the 10th day following the date on which payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Funds' respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event the Company fails to timely make any payments described in this Note. All amounts described in paragraph 1 herein shall immediately become due on the 10th day following the date on which payment should have been received by the Fund's under the terms of this Note. In such event the Company further agrees to pay all attorneys' fees and costs incurred by the Funds in any action to enforce any part of this Note.

9. This Installment Note is conditioned on the Company staying current on its obligations to the Funds and District Council under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust. In the event that the Company fails to maintain its obligations under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, including, but no limited to, its obligations to submit timely contribution and dues reports and to make timely contribution and dues payments by the tenth day following the month in which laborers' work was performed, then the Funds shall have the right to accelerate and collect all amounts due under this Installment Note, plus payment of all attorneys' fees and costs incurred by the Funds in any action to accelerate this Installment Note.

10. The Parties acknowledge and agree that any payments to the Union provided for in this Agreement fully comport with 29 U.S.C. § 186(c)(2) and that they involve the compromise, adjustment, settlement or release of a claim, complaint, grievance or dispute in the absence of fraud or duress.

11. The Company further agrees to obtain and maintain a surety bond to insure the payment of wages and benefit contributions as required under the terms of the CBA.

12. The Company shall have the right to prepay the entire amount due under the Note prior to the date upon which payment is due without penalty and without payment of any precalculated Note interest that has not accrued as of the date full payment has been made.

The Parties hereby agree to these terms by their execution hereof on the ___5___ day of the ___July___, 2017.

Garces Contractors, LLC

By: _____

Title: _____

Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and Retiree Health and Welfare Fund.

By: _____

## GUARANTY OF PAYMENT AND INDEMNIFICATION

This Guaranty ("Guaranty") is made as of June 29, 2017 by the undersigned, Elda Mannion, (the "Guarantor"), to and for the benefit of the LABORERS' PENSION FUND AND THE LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY (collectively, the "Funds").

WHEREAS, Graces Contractors, LLC (the "Company") has agreed to pay a total of $26,100.03 to the Funds in settlement of the alleged delinquent contributions owed to the Funds and to be paid under the terms of an Installment Note ("Note").

WHEREAS, the Funds are unwilling to enter into the Note unless the Guarantor executes this Guaranty: and

WHEREAS, the Guarantor has a financial interest in the Company and will be benefited by the Note;

NOW THEREFORE WHEREAS, in consideration of the foregoing, the Guarantor agrees as follows:

1. Guaranty of Payment and Indemnification. The undersigned guarantees, absolutely and unconditionally; (a) the payment when due of the entire principal indebtedness and all interest evidenced by the Note during the twelve (12) month payment period including interest and liquidated damages for late or unpaid payments due on the Note; and (b) the full and complete payment of any and all fees and costs incurred pursuant to default under terms of the Note, whether litigation is involved or not, and if involved, whether at the trial or appellate levels or in pre- or post-judgment bankruptcy proceedings in enforcing or realizing upon the obligations of the Guarantor hereunder (the obligations of Guarantor under this Paragraph 1 are collectively hereinafter referred to as the "Obligations"). The Guarantor also agrees to be personally liable for all monthly benefit contributions, union dues and/or wages owed from the Company to the Funds, the District Council, all ancillary funds, and/or the participants that are due at the time the Note and Guaranty are entered into and/or are incurred and become due and owing for the duration of the Note, including all interest, liquidated damages, audit costs, attorneys' fees and costs.

2. Continuing Guaranty. This Guaranty shall be a continuing Guaranty, and shall not be discharged, impaired or affected by; (a) the existence or continuance of any obligation on the part of the Company with respect to the Note; (b) any forbearance or extension of the time of payment of the Note; (c) the validity or invalidity of the Note; (d) any defenses whatsoever that the Company or any of the party thereto may have to the performance or observance of any term, covenant or condition contained in the Note; (e) the existence or non-existence of the Company as a legal entity; (f) any limitation or exculpation of (other than the payment and performance in full of all of the Company's Obligations) that Guarantor may have as to his undertakings, liabilities and obligations hereunder, including any defenses based upon any legal disability of the Company or any discharge or limitation of the disability of the Company, whether consensual or arising by operation of law or any bankruptcy, insolvency or debtor-relief proceeding, or from any other cause, each and every such defense being hereby waived by the Guarantor.

3. Waivers. Guarantor waives diligence, presentment, protest, notice of dishonor, demand for payment, extension of time of payment, notice of acceptance of this Guaranty, non-payment at maturity and indulgences and notices of every kind not provided for under this Guaranty. It is the intention of this Guaranty that Guarantor shall remain liable as principal, notwithstanding any act, omission or thing that might otherwise operate as a legal or equitable discharge of Guarantor, until all of the Company's obligations shall have been fully paid and performed.

4. Subrogation. Notwithstanding anything to the contrary elsewhere contained herein or in the Note, the Guarantor(s) expressly waive with respect to the Company any and all rights at law or in equity to subrogation, to reimbursement, to exoneration, to contribution, to set off or to any other rights that could accrue to a surety against a principal, to the Guarantor against a maker or obligor, to an accommodation party against the party accommodated, or to a holder or transferee against a maker, and which the guarantor may have or hereafter acquire against the Company in connection with or as a result of Guarantor's execution, delivery and/or performance of this Guaranty or the Note. The Guarantor agrees that he or she shall not have or assert any such rights against the Company or its successors and

1

EXHIBIT C

assigns or any other party (including any surety), either directly or as an attempted set off to any action commenced against the Guarantor by the Company (as borrower or in any other capacity) or any other person.

5. Independent Obligations. The Funds may enforce this Guaranty without first resorting to or without first having recourse to the Note; provided, however, that nothing herein contained shall preclude the Funds from suing on the Note or from exercising any other rights; and the Funds shall note be required to institute or prosecute proceedings to recover any deficiency as a condition of any payment hereunder or enforcement hereof.

6. Acceleration. In the event that payments due under the Note shall be accelerated, the Guarantor's obligations hereunder shall also be accelerated without further notice from the Funds.

7. Effect of Bankruptcy. This Guaranty shall continue in full force and effect notwithstanding the institution by or against the Company of bankruptcy, reorganization, readjustment, receivership or insolvency proceedings of any nature, or the disaffirmance of the Note in any such proceedings, or others.

8. Termination. This Guaranty shall remain in full force and effect as to the Guarantor until all of the Company's Obligations under the Note outstanding shall be finally and irrevocably paid in full. Payment of all of the Company's Obligations from time to time shall not operate as a discontinuance of this Guaranty. If after receipt of any payment of all or any part of the Company's Obligations, the Funds are for any reason compelled to surrender such payment to any person or entity, because such payment is determined to be void or voidable as a preference, impermissible set off, or a diversion of trust fund, or for any reason, this Guaranty shall continue in full force notwithstanding any contract action which may have been taken by the Funds in reliance upon such payment, and any such contrary action so taken shall be without prejudice to the Funds' rights under this Guaranty and shall be deemed to have been conditioned upon such payment having become final and irrevocable.

9. The Company's Financial Condition. The Guarantor assumes full responsibility for keeping fully informed of the Company's financial condition and all other circumstances affecting the Company's ability to perform its Obligations, and agree that the Funds will have no duty to report to Guarantor any information which the Funds receive about the Company's financial condition or any circumstances bearing on its ability to perform.

10. Expenses. The undersigned agrees to pay and reimburse the Funds for all cost and attorney's fees, which they may expend or incur in the enforcement of this Guaranty or any of the Company's Obligations under the Note, provided the Funds is the prevailing party in such enforcement actions.

11. Delay. Cumulative Remedies. No delay or failure by the Funds to exercise any right to remedy against the Company or Guarantor will be construed as a waiver of that right or remedy. All remedies of the Funds against the Company and the Guarantor are cumulative.

12. Binding Effect. This guaranty shall inur to the benefit of and may be enforced by the Funds, and shall be binding upon and enforceable against the Guarantor and Guarantor's heirs, legal representatives, successors and assigns. In the event of the death of the Guarantor, the obligations of such deceased Guarantor shall continue in full force and effect against his estate, personal representatives, successors and assigns. Without limiting the generality of the foregoing, the Funds (or their successors and assigns) may from time to time and without notice to undersigned, assign any and all of their rights under this Guaranty without in any way affecting or diminishing the obligations of the undersigned hereunder, who shall continue to remain bound by the obligated to perform under and with respect to this Guaranty as though there had been no such assignment.

13. Default. The Guarantor hereby authorizes irrevocably any attorney of any court of record to appear for him/her in such court, at any time after ten (10) days notice after default in any payment due under this Guaranty, and confess judgement against Guarantor, after service of notice of the claimed default, in favor of the Funds for such amount to be unpaid and owed thereon, including interest, liquidated damages and reasonable cost of collection including reasonable attorneys' fees. The Guarantor agrees to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgement, hereby ratify and confirming all that said attorney may do by virtue hereof.

14. Warranties. Guarantor makes to the Funds the following representations and warranties:

(a) Authorization. Guarantor has full right, power and authorization to enter into this Guaranty and carry out his obligations hereunder.

(b) No Conflict. The execution, delivery and performance by Guarantor of this Guaranty will not violate or be in conflict with, results in a breach of, or constitute a default under, any indenture, agreement or any other instrument to which Guarantor is a party or by which Guarantor or any of his assets or properties is bound, or any order, writ, injunction or decree of any court or governmental institute.

(c) Litigation. There are no actions, suits or proceedings pending, or to the knowledge of Guarantor, threatened against or adversely affecting any Guarantor at law of in equity or before or by governmental agency or instrumentality that involve any of the transactions herein contemplated, or the possibility of any judgment or liability that may result in any material and adverse change in the financial condition of any Guarantor. Guarantor is not in default with respect to any judgment, order, writ, injunction, decree, rule or regulation of any court.

(d) Enforceability. This guaranty is a legal, valid and binding obligation of Guarantor, enforceable in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency or similar laws affecting the rights of creditors generally.

15. Notices. All notices or other communications required or permitted hereunder shall be (a) in writing and shall be deemed to be given when either (I) delivered in person, (II) three (3) days after deposit in a regularly maintained receptacle of the United States mail as registered or Certified mail, postage prepaid, (III) when received if sent by private courier service, or (IV) on the day on which Guarantor refuses delivery by mail or by private courier service, and (b) addressed as follows:

In Case of Guarantor

Elda Mannion
Garces Contractors, LLC
5423 W. Division Street.
Chicago, IL 60651

With Copy to

John Killacky
Leonard Meyer, LLP.
120 N. LaSalle St., Suite 2000
Chicago, IL 60602

In Case of the Funds:

Collection Counsel
Ryan Liska
Laborers Pension and Welfare Fund
111 W Jackson Blvd Ste. 1415
Chicago IL 60604-3868

or such other addresses as may from time to time be designated by the party to be addressed by notice to the other in the manner hereinabove provided.

16. Additional Waivers. Guarantor expressly and unconditionally waives, in connection with any suit, action or proceeding brought by the Funds on this Guaranty, any and every right he or she may have to (I) injunctive relief, (II) a trial by jury, (III) interpose any counterclaim therein and (IV) seek to have the same consolidated with any other or separate suit, action or proceeding.

17. Severability. If all or any portion of any provision of this Guaranty is declared or found by a court of competent jurisdiction to be unenforceable or null and void, such provision or portion thereof shall be deemed stricken

3

and severed from this Guaranty and the remaining provisions and portions hereof shall continue in full force and effect.

18.  Applicable Law; Venue. This Guaranty and the transactions evidenced hereby shall be construed and interpreted under the laws of the State of Illinois. Guarantor, in order to induce the Funds to accept this Guaranty and enter into the loan agreement, and for other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, agrees that all actions or proceedings arising directly, indirectly or otherwise in connection with, out of, related to or from this Guaranty shall be litigated, at the Fund's sole discretion and election, only in courts having a situs within the county of Cook, State of Illinois, Eastern Division. Guarantor hereby waives any right he or she may have to transfer or change the venue of any litigation brought against him by the Funds on this agreement in accordance with this paragraph.

19.  Time is of the Essence. Time is of the essence of this Guaranty as to the performance of the undersigned.

20.  Death of a Guarantor. In the event of the death of Guarantor, the Funds shall have the right to accelerate the indebtedness evidenced by the Note unless, within sixty (60) days of his death, Guarantor's estate assumes his obligations hereunder by an instrument satisfactory to the Funds and delivers to the Funds security for performance of such obligations satisfactory to the Funds.

IN WITNESS WHEREOF, the undersigned Guarantor has executed this instrument as of the date and year first above written.

_____
Elda Mannion
Date: __6_/_30_/_2017__

4

GARCES CONTRACTORS, LLC
CHLAB-0918-04121
Acct # 35209
October 1, 2016 through September 30, 2018
WITHOUT SOCIAL SECURITY NUMBERS



**Calibre CPA Group, PLLC**

Chicago Laborers
Garces Contractor LLC

Reconciliation of Differences Per Year

Case: CHLAB-0918-04121
Audit Period: 10/1/2016 - 9/30/2018     Manager:   Tim Kalnes
Fiscal Year End: May     Auditor:   Tahir Bashir

| Findings    Fiscal Year Ending: | May 2019 | May 2018 | May 2017 | Total |
|---|---|---|---|---|
| Dollars Not Reported | 76,712.48 | 42,187.42 | 5,283.83 | 124,183.73 |
| Hours Not Reported (Funds) | 1,772.00 | 991.13 | 128.29 | 2,891.42 |
| Hours Not Reported (Dues) | 1,772.00 | 991.13 | 128.29 | 2,891.42 |
| **Dollar Amount Due** | | | | |
| Welfare Fund | 17,985.80 | 10,060.02 | 1,280.33 | 29,326.15 |
| Retiree Welfare Prefunding | 8,417.00 | 4,460.10 | 545.23 | 13,422.33 |
| Pension Fund | 22,274.04 | 12,210.77 | 1,484.31 | 35,969.12 |
| Training Fund | 1,275.84 | 495.56 | 64.15 | 1,835.55 |
| CAICA | 141.76 | 79.29 | 10.26 | 231.31 |
| LDCLMCC | 301.24 | 168.49 | 21.80 | 491.53 |
| LECET | 124.04 | 69.39 | 8.98 | 202.41 |
| Dues | 2,876.72 | 1,582.03 | 198.15 | 4,656.90 |
| **Total** | 53,396.44 | 29,125.65 | 3,613.21 | 86,135.30 |

Total Amount Due    86,135.30

Local: Chicago Laborers
Contractor: Garces Contractor LLC
Case: CHLAB-0918-04121

**Calibre CPA Group, PLLC**

Details Report

Page 2

Contract:   CAICA

### Source: Hours Worked

| Employee Findings | | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JACOBO, ERNESTO | XXX-XX-XXXX | | | | | 36.43 | | | | | | | | 36.43 |
| ROBLEDO, RENE | XXX-XX-XXXX | | | | | 79.42 | 12.44 | | | | | | | 91.85 |
| **Total** | | | | | | 115.85 | 12.44 | | | | | | | 128.29 |

### Rate Table

| | | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | | | | | 1156.20 | 124.13 | | | | | | | 1280.33 |
| Retiree Welfare Prefunding | 4.2500 | | | | | 492.37 | 52.86 | | | | | | | 545.23 |
| Pension Fund | 11.5700 | | | | | 1340.40 | 143.91 | | | | | | | 1484.31 |
| Training Fund | 0.5000 | | | | | 57.93 | 6.22 | | | | | | | 64.15 |
| CAICA | 0.0800 | | | | | 9.26 | 1.00 | | | | | | | 10.26 |
| LDCLMCC | 0.1700 | | | | | 19.69 | 2.11 | | | | | | | 21.80 |
| LECET | 0.0700 | | | | | 8.11 | 0.87 | | | | | | | 8.98 |
| **Total** | | | | | | 3083.96 | 331.10 | | | | | | | 3415.06 |

### Source: Wages Paid

| Employee Findings | | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JACOBO, ERNESTO | XXX-XX-XXXX | | | | | 1464.68 | | | | | | | | 1464.68 |
| ROBLEDO, RENE | XXX-XX-XXXX | | | | | 3192.55 | 626.60 | | | | | | | 3819.15 |
| **Total** | | | | | | 4657.23 | 626.60 | | | | | | | 5283.83 |

### Rate Table

| | | 06/2016 | 07/2016 | 08/2016 | 09/2016 | 10/2016 | 11/2016 | 12/2016 | 01/2017 | 02/2017 | 03/2017 | 04/2017 | 05/2017 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0375 | | | | | 174.65 | 23.50 | | | | | | | 198.15 |
| **Total** | | | | | | 174.65 | 23.50 | | | | | | | 198.15 |

Local: Chicago Laborers
Contractor: Garces Contractor LLC
Case: CHLAB-0918-04121

**Calibre CPA Group, PLLC**

Page 3

Details Report

Contract: CAICA

### Source: Hours Worked

| Employee Findings | | 05/2017 | 07/2017 | 08/2017 | 09/2017 | 10/2017 | 11/2017 | 12/2017 | 01/2018 | 02/2018 | 03/2018 | 04/2018 | 05/2018 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JACOBO, ERNESTO | xxx-xx-xxxx | | | | | | | | | | 175.00 | | 102.00 | 277.00 |
| ROBLEDO, RENE | xxx-xx-xxxx | | | | | | 5.56 | 1.44 | 12.50 | 24.07 | 192.00 | 128.67 | 167.89 | 532.13 |
| VENTURA, JESUS | xxx-xx-xxxx | | | | | | | | | 134.00 | | | | 134.00 |
| WILLIAMS, CARLIS | xxx-xx-xxxx | | | | | | | | | 48.00 | | | | 48.00 |
| Total | | | | | | | 5.56 | 1.44 | 12.50 | 206.07 | 367.00 | 128.67 | 269.89 | 991.13 |

| Rate Table | | 05/2017 | 07/2017 | 08/2017 | 09/2017 | 10/2017 | 11/2017 | 12/2017 | 01/2018 | 02/2018 | 03/2018 | 04/2018 | 05/2018 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 10.1500 | | | | | | 56.46 | 14.64 | 126.88 | 2091.65 | 3725.05 | 1305.97 | 2739.37 | 10060.02 |
| Retiree Welfare Prefunding | 4.5000 | | | | | | 25.03 | 6.49 | 56.25 | 927.33 | 1651.50 | 579.00 | 1214.50 | 4460.10 |
| Pension Fund | 12.3200 | | | | | | 68.53 | 17.77 | 154.00 | 2538.83 | 4521.44 | 1585.17 | 3325.03 | 12210.77 |
| Training Fund | 0.5000 | | | | | | 2.78 | 0.72 | 6.25 | 103.04 | 183.50 | 64.33 | 134.94 | 495.56 |
| CAICA | 0.0800 | | | | | | 0.44 | 0.12 | 1.00 | 16.49 | 29.36 | 10.29 | 21.59 | 79.29 |
| LOCLMCC | 0.1700 | | | | | | 0.95 | 0.25 | 2.12 | 35.03 | 62.39 | 21.87 | 45.88 | 168.49 |
| LECET | 0.0700 | | | | | | 0.39 | 0.10 | 0.88 | 14.43 | 25.69 | 9.01 | 18.89 | 69.39 |
| Total | | | | | | | 154.58 | 40.09 | 347.38 | 5726.80 | 10198.93 | 3575.64 | 7500.20 | 27543.62 |

### Source: Wages Paid

| Employee Findings | | 06/2017 | 07/2017 | 08/2017 | 09/2017 | 10/2017 | 11/2017 | 12/2017 | 01/2018 | 02/2018 | 03/2018 | 04/2018 | 05/2018 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JACOBO, ERNESTO | xxx-xx-xxxx | | | | | | | | | | 7210.00 | | 4202.40 | 11412.40 |
| ROBLEDO, RENE | xxx-xx-xxxx | | | | | | 240.30 | 62.32 | 540.00 | 1040.00 | 8294.40 | 5558.40 | 7252.80 | 22988.22 |
| VENTURA, JESUS | xxx-xx-xxxx | | | | | | | | | 5809.20 | | | | 5809.20 |
| WILLIAMS, CARLIS | xxx-xx-xxxx | | | | | | | | | 1977.60 | | | | 1977.60 |
| Total | | | | | | | 240.30 | 62.32 | 540.00 | 8826.80 | 15504.40 | 5558.40 | 11455.20 | 42187.42 |

| Rate Table | | 06/2017 | 07/2017 | 08/2017 | 09/2017 | 10/2017 | 11/2017 | 12/2017 | 01/2018 | 02/2018 | 03/2018 | 04/2018 | 05/2018 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0375 | | | | | | 9.01 | 2.34 | 20.25 | 331.00 | 581.42 | 208.44 | 429.57 | 1582.03 |
| Total | | | | | | | 9.01 | 2.34 | 20.25 | 331.00 | 581.42 | 208.44 | 429.57 | 1582.03 |

Local: Chicago Laborers
Contractor: Garces Contractor LLC
Case: CHLAB-0918-04121

**Calibre CPA Group, PLLC**

Details Report

Page 4

Contract: CAICA

### Source: Hours Worked

| Employee Findings | | 06/2018 | 07/2018 | 08/2018 | 09/2018 | 10/2018 | 11/2018 | 12/2018 | 01/2019 | 02/2019 | 03/2019 | 04/2019 | 05/2019 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CARR, FRANCIS | XXX-XX-XXXX | | | 8.00 | 41.00 | | | | | | | | | 49.00 |
| JACOBO, ERNESTO | XXX-XX-XXXX | 139.00 | 75.00 | | | | | | | | | | | 214.00 |
| MURRAY, JOHN | XXX-XX-XXXX | | | 8.00 | 88.00 | | | | | | | | | 96.00 |
| PAREDES, DAVID | XXX-XX-XXXX | 152.00 | 140.00 | 125.00 | | | | | | | | | | 417.00 |
| ROBLEDO, RENE | XXX-XX-XXXX | 176.00 | 140.00 | 176.00 | 117.00 | | | | | | | | | 609.00 |
| THOMAS, ROBERT | XXX-XX-XXXX | 88.00 | 90.00 | 153.00 | 56.00 | | | | | | | | | 387.00 |
| Total | | 555.00 | 445.00 | 470.00 | 302.00 | | | | | | | | | 1772.00 |

| Rate Table | | 06/2018 | 07/2018 | 08/2018 | 09/2018 | 10/2018 | 11/2018 | 12/2018 | 01/2019 | 02/2019 | 03/2019 | 04/2019 | 05/2019 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 10.1500 | 5633.25 | 4516.75 | 4770.50 | 3065.30 | | | | | | | | | 17985.80 |
| Retiree Welfare Prefunding | 4.7500 | 2636.25 | 2113.75 | 2232.50 | 1434.50 | | | | | | | | | 8417.00 |
| Pension Fund | 12.5700 | 6976.35 | 5593.65 | 5907.90 | 3796.14 | | | | | | | | | 22274.04 |
| Training Fund | 0.7200 | 399.60 | 320.40 | 338.40 | 217.44 | | | | | | | | | 1275.84 |
| CAICA | 0.0890 | 44.40 | 35.60 | 37.60 | 24.16 | | | | | | | | | 141.76 |
| LOCLMCC | 0.1700 | 94.35 | 75.65 | 79.90 | 51.34 | | | | | | | | | 301.24 |
| LECET | 0.0700 | 38.85 | 31.15 | 32.90 | 21.14 | | | | | | | | | 124.04 |
| Total | | 15823.05 | 12686.95 | 13399.70 | 8610.02 | | | | | | | | | 50519.72 |

### Source: Wages Paid

| Employee Findings | | 06/2018 | 07/2018 | 08/2018 | 09/2018 | 10/2018 | 11/2018 | 12/2018 | 01/2019 | 02/2019 | 03/2019 | 04/2019 | 05/2019 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CARR, FRANCIS | XXX-XX-XXXX | | | 341.76 | 1772.88 | | | | | | | | | 2114.64 |
| JACOBO, ERNESTO | XXX-XX-XXXX | 5846.88 | 3204.00 | | | | | | | | | | | 9050.88 |
| MURRAY, JOHN | XXX-XX-XXXX | | | 341.76 | 3759.36 | | | | | | | | | 4101.12 |
| PAREDES, DAVID | XXX-XX-XXXX | 6408.32 | 5980.80 | 5340.00 | | | | | | | | | | 17729.12 |
| ROBLEDO, RENE | XXX-XX-XXXX | 7773.44 | 6350.24 | 7870.72 | 5232.24 | | | | | | | | | 27226.64 |
| THOMAS, ROBERT | XXX-XX-XXXX | 3716.80 | 3844.80 | 6536.16 | 2392.32 | | | | | | | | | 16490.08 |
| Total | | 23745.44 | 19379.84 | 20430.40 | 13156.80 | | | | | | | | | 76712.48 |

| Rate Table | | 06/2018 | 07/2018 | 08/2018 | 09/2018 | 10/2018 | 11/2018 | 12/2018 | 01/2019 | 02/2019 | 03/2019 | 04/2019 | 05/2019 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0375 | 890.45 | 726.74 | 766.15 | 493.38 | | | | | | | | | 2876.72 |
| Total | | 890.45 | 726.74 | 766.15 | 493.38 | | | | | | | | | 2876.72 |

PRINTED: 11/15/2018

TRANSACTION 1574372

# LABORERS' PENSION & WELFARE FUNDS
## WEB REPORT PRINT

Page   I

CONTRACTOR  035209

GARCES CONTRACTORS LLC
ATTN:  ELDA MANNION
5423 DIVISION ST
CHICAGO IL 60651-1312

(773)626-6468

SUBMIT DATE                    11/15/2018
REPORT DATE                      10/2018
REPORT TYPE                   Web -Online

RECEIVED DATE

--------------------------------------------------------------------------------

ONLINE PAYMENT:---------------------------------------------------------------

PAYMENT DATE:                    BANK NAME:
PAYMENT AMOUNT:                  ROUTING NUMBER:
                                 ACCT NUMBER:
PAYMENT NOTE:

--------------------------------------------------------------------------------

NUMBER OF LABORERS          5      COMMENT:
REPORTED HOURS         532.00

--------------------------------------------------------------------------------

| CNT | SOC SEC # | NAME | EXCEPTION | HOURS |
|-----|-----------|------|-----------|-------|
| 1 | | JOHN MURRAY | | 160.00 |
| 2 | | RENE ROBLEDO | | 159.00 |
| 3 | | FRANCES CARR | | 86.00 |
| 4 | | CARLIS WILLIAMS | | 8.00 |
| 5 | | ROBERT THOMAS | | 119.00 |

--------------------------------------------------------------------------------

| FUND | RATE | CALCULATED AMOUNT |
|------|------|-------------------|
| Welfare & Pension | 27.47 | 14,614.04 |
| Training | 0.72 | 383.04 |
| | | 14,997.08 |


EXHIBIT
E

PRINTED: 01/08/2019

TRANSACTION 1578810

# LABORERS' PENSION & WELFARE FUNDS
## WEB REPORT PRINT

Page 1

| CONTRACTOR | 035209 | | |
|---|---|---|---|
| | GARCES CONTRACTORS LLC | SUBMIT DATE | 01/08/2019 |
| | ATTN: ELDA MANNION | REPORT DATE | 11/2018 |
| | 5423 DIVISION ST | REPORT TYPE | Web -Online |
| | CHICAGO IL 60651-1312 | | |
| | | RECEIVED DATE | |
| | (773)626-6468 | | |

ONLINE PAYMENT:

PAYMENT DATE:                          BANK NAME:
PAYMENT AMOUNT:                   ROUTING NUMBER:
                                                    ACCT NUMBER:
PAYMENT NOTE:

NUMBER OF LABORERS          5          COMMENT:
REPORTED HOURS          251.00

| CNT | SOC SEC # | NAME | EXCEPTION | HOURS |
|---|---|---|---|---|
| 1 | | ROBERT THOMAS | | 72.00 |
| 2 | | FRANCES CARR | | 8.00 |
| 3 | | JOHN MURRAY | | 72.00 |
| 4 | | BRIAN MEEKS | | 11.00 |
| 5 | | RENE ROBLEDO | | 88.00 |

| FUND | RATE | CALCULATED AMOUNT |
|---|---|---|
| Welfare & Pension | 27.47 | 6,894.97 |
| Training | 0.72 | 180.72 |
| | | 7,075.69 |

PRINTED: 01/08/2019
TRANSACTION 1578812

# LABORERS' PENSION & WELFARE FUNDS
## WEB REPORT PRINT

Page 1

CONTRACTOR **035209**
GARCES CONTRACTORS LLC
ATTN: ELDA MANNION
5423 DIVISION ST
CHICAGO IL 60651-1312

(773)626-6468

| | |
|---|---|
| SUBMIT DATE | 01/08/2019 |
| REPORT DATE | 12/2018 |
| REPORT TYPE | Web -Online |
| RECEIVED DATE | |

------------------------------------------------------------

ONLINE PAYMENT:------------------------------------------------------------

PAYMENT DATE:                          BANK NAME:
PAYMENT AMOUNT:                        ROUTING NUMBER:
                                       ACCT NUMBER:
PAYMENT NOTE:

------------------------------------------------------------

NUMBER OF LABORERS         5        COMMENT:
REPORTED HOURS         401.00

| CNT | SOC SEC # | NAME | EXCEPTION | HOURS |
|---|---|---|---|---|
| 1 | | ROBERT THOMAS | | 120.00 |
| 2 | | RENE ROBLEDO | | 136.00 |
| 3 | | JASON BALASKOVITS | | 56.00 |
| 4 | | FRANCES CARR | | 24.00 |
| 5 | | MARIO TORRES | | 65.00 |

| FUND | RATE | CALCULATED AMOUNT |
|---|---|---|
| Welfare & Pension | 27.47 | 11,015.47 |
| Training | 0.72 | 288.72 |
| | | 11,304.19 |

PRINTED: 02/12/2019
TRANSACTION 1581818

# LABORERS' PENSION & WELFARE FUNDS
# WEB REPORT PRINT

Page 1

CONTRACTOR **035209**

GARCES CONTRACTORS LLC
ATTN: ELDA MANNION
5423 DIVISION ST
CHICAGO IL 60651-1312

(773)626-6468

| | |
|---|---|
| SUBMIT DATE | 02/07/2019 |
| REPORT DATE | 01/2019 |
| REPORT TYPE | Web -Online |
| RECEIVED DATE | |

ONLINE PAYMENT:------------------------------------------------------------

PAYMENT DATE:
PAYMENT AMOUNT:

BANK NAME:
ROUTING NUMBER:
ACCT NUMBER:

PAYMENT NOTE:

NUMBER OF LABORERS            4        COMMENT:
REPORTED HOURS            240.00

| CNT | SOC SEC # | NAME | EXCEPTION | HOURS |
|---|---|---|---|---|
| 1 | | ROBERT THOMAS | | 48.00 |
| 2 | | MARIO TORRES | | 75.00 |
| 3 | | RENE ROBLEDO | | 109.00 |
| 4 | | FRANCES CARR | | 8.00 |

| FUND | RATE | CALCULATED AMOUNT |
|---|---|---|
| Welfare & Pension | 27.47 | 6,592.80 |
| Training | 0.72 | 172.80 |
| | | 6,765.60 |

PRINTED: 03/08/2019                    **LABORERS' PENSION & WELFARE FUNDS**                    Page  1
TRANSACTION 1584458                    **WEB REPORT PRINT**

CONTRACTOR  **035209**                                         SUBMIT DATE            03/07/2019
            GARCES CONTRACTORS LLC                             REPORT DATE              02/2019
            ATTN:  ELDA MANNION                                REPORT TYPE
            5423 DIVISION ST                                                        Web -Online
            CHICAGO IL 60651-1312

            (773)626-6468                                      RECEIVED DATE

--------------------------------------------------------------------------------------------------

                        ONLINE PAYMENT:------------------------------------------------------------

                        PAYMENT DATE:              BANK NAME:
                        PAYMENT AMOUNT:            ROUTING NUMBER:
                                                  ACCT NUMBER:
                        PAYMENT NOTE:

--------------------------------------------------------------------------------------------------

NUMBER OF LABORERS          1          COMMENT:
REPORTED HOURS           80.00

| CNT | SOC SEC # | NAME | EXCEPTION | HOURS |
|-----|-----------|------|-----------|-------|
| 1 |  | RENE ROBLEDO | | 80.00 |

| FUND | RATE | CALCULATED AMOUNT |
|------|------|-------------------|
| Welfare & Pension | 27.47 | 2,197.60 |
| Training | 0.72 | 57.60 |
| | | **2,255.20** |

GARCES CONTRACTORS LLC
5423 W DIVISION ST
CHICAGO IL 60651

April 16, 2019
Contractor # 035209

Dear Contractor:

According to our records, your following report(s) were submitted late. As a result, you owe the Work Dues and Ancillary Funds an amount of $366.21 late fee.

| Report Month | Receipt Date | Total Gross Wages | Total Hours | Expected Amount | Remitted Amount | Expected Shortage Penalty | Expected Late Fee | Applied Penalty | Unpaid Penalty |
|---|---|---|---|---|---|---|---|---|---|
| 05/2018 | 07/24/2018 | $13,101.60 | 318.00 | $ 593.07 | $ 593.07 | $0.00 | $59.30 | $0.00 | $59.30 |
| 04/2018 | 07/24/2018 | $9,764.40 | 237.00 | $ 442.01 | $ 442.01 | $0.00 | $44.20 | $0.00 | $44.20 |
| 03/2018 | 07/24/2018 | $19,776.00 | 479.50 | $ 895.06 | $ 895.04 | $0.00 | $89.50 | $0.00 | $89.50 |
| 01/2018 | 04/13/2018 | $15,113.20 | 361.00 | $ 682.27 | $ 682.27 | $0.00 | $68.22 | $0.00 | $68.22 |
| 10/2017 | 12/18/2017 | $3,309.60 | 78.00 | $ 149.07 | $ 149.07 | $0.00 | $14.90 | $0.00 | $14.90 |
| 09/2017 | 11/16/2017 | $10,178.40 | 242.00 | $ 459.14 | $ 459.13 | $0.00 | $45.91 | $0.00 | $45.91 |
| 08/2017 | 10/13/2017 | $9,784.80 | 234.00 | $ 441.82 | | $0.00 | $44.18 | $0.00 | $44.18 |
| | | | | | | | Total Unpaid Penalties | | $366.21 |

* Under Article VI, Paragraph 2, the Working Dues Report is due no later than the 10th of the month following the month for which such deductions were made.

If you fail to remit the amount due, legal action may be initiated to collect this amount, and you will be liable for all attorney fees and court costs incurred to enforce your obligations.

Please send all your remittances to this address:

ATTN: Work Dues Department
LABORERS' DISTRICT COUNCIL
999 McClintock Drive, Suite 300
Burr Ridge, IL 60527

If you have any questions, please contact us at (630) 655-8765 (phone), (630) 655-8864 (fax) or by e-mail at workdues@liunachicago.org.

Sincerely,

Work Dues Department
Chicago Laborers' District Council

